UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STEVEN LINELL SMITH, | Case No. 21-CV-1134 (PJS/ECW) |
| Plaintiff, | |
| v. | FINAL INSTRUCTIONS |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

---

## Instruction No. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as the instructions I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of the instructions I gave at the beginning of trial and during trial are not repeated here.

The instructions I am about to give are in writing and will be available to you in the jury room. This does not mean, however, that these instructions are any more important than my earlier instructions. Again, you must follow all of my instructions, whenever given and whether in writing or not.

Neither in these instructions nor in any ruling, action, or remark that I have made during this trial have I intended to give any opinion or suggestion about what your verdict should be.

During the trial, I have asked questions of some witnesses. Do not assume that because I asked questions I have any opinion whatsoever about the case, or about the subject I asked about, or about the witness whom I questioned. I decide all questions of law that arise during the trial, but you jurors decide all questions of fact.

**Instruction No. 2**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you think the law is different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**Instruction No. 3**

Your verdict will depend on whether, in light of all the evidence, you find that certain facts have been proved. The burden of proving a fact is on the party whose claim or defense depends on that fact. Unless I tell you otherwise, the party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true.

To determine whether a fact is more likely true than not true, you must consider all of the evidence and decide which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that the issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits that a party has presented. In determining whether any fact in issue has been proved by the greater weight of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard the phrase "proof beyond a reasonable doubt." That is a stricter standard that applies only in criminal cases. It does not apply in civil cases such as this one. You should, therefore, put it out of your minds.

If any reference by the parties or by me to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection that should control during your deliberations and not the statements of the parties or me.

You are the sole judges of the evidence received in this case.

**Instruction No. 4**

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things that were received as exhibits; and any facts that have been stipulated—that is, formally agreed to by the parties.

Certain things are not evidence. I will list those things again for you now:

(1) Statements, arguments, questions, and comments by a lawyer are not evidence.

(2) Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection; you should not, for example, be prejudiced in any way against a lawyer who makes an objection or the party whom he or she represents. If I sustained an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

(3) Testimony and exhibits that I struck from the record, or told you to disregard, are not evidence and must not be considered.

(4) Exhibits that were identified by a party but were not offered or received in evidence are not evidence.

(5) Anything you saw or heard about this case outside the courtroom is not evidence.

If you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

**Instruction No. 5**

In deciding what the facts are, you may have to decide which testimony you believe and which testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding which testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent mistake or lapse of memory, or an intentional falsehood, and that may depend on whether the contradiction relates to an important fact or only a small detail.

### Instruction No. 6

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education, or experience, have become an expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

### Instruction No. 7

You have heard evidence that witness Justin Allison has been convicted of a crime. You may use that evidence only to help you decide whether to believe the witness and how much weight to give his testimony, and not for any other purpose.

### Instruction No. 8

You were permitted to take notes during the course of the trial. If you took any notes, those notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence.

If you did not take notes, you should rely on your own independent recollection of the evidence and should not be influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

### Instruction No. 9

As I explained at the beginning of trial, Mr. Smith alleges that he was subjected to a hostile work environment on the basis of his race or color when he was employed at the United States Postal Service's St. Paul Processing & Distribution Center. He brings this claim against the Postal Service.

Your verdict must be for Mr. Smith and against the Postal Service if all the following elements have been proved:

1. Mr. Smith was subjected to offensive acts, words, or gestures;

2. Such conduct was unwelcome;

3. Such conduct was based on Mr. Smith's race or color;

4. Such conduct was sufficiently severe or pervasive that a reasonable person in Mr. Smith's position would find the work environment to be hostile or abusive;

5. At the time such conduct occurred, and as a result of such conduct, Mr. Smith believed his work environment to be hostile or abusive;

6. The Postal Service knew or should have know of the offensive acts, words, or gestures; and

7. The Postal Service failed to take prompt and appropriate remedial action to attempt to end the harassment.

If any of the above elements has not been proved, your verdict must be for the Postal Service and you need not proceed further in considering this claim.

### Instruction No. 10

You have heard testimony and seen documents discussing the meaning of various terms, such as "hostile environment." You are instructed again that you are to apply the definitions that I give you in these instructions, and not any other definitions, in your deliberations.

### Instruction No. 11

Conduct is "unwelcome" if Mr. Smith did not solicit or invite it and if he regarded the conduct as undesirable or offensive.

### Instruction No. 12

In order for Mr. Smith to recover on his hostile-environment claim, he must prove that any hostile or abusive conduct that he experienced was so severe or pervasive that it altered the conditions of his employment and created an abusive work environment.

Mr. Smith must prove a practice or pattern of harassment against him. A single incident or a few isolated incidents generally will not be sufficient.

In determining whether a reasonable person in Mr. Smith's work environment would have found it hostile or abusive, you must look at all the circumstances. The circumstances may include, but are not limited to, the frequency of the conduct complained of; its severity; whether it was physically threatening or humiliating, or merely offensive; whether it unreasonably interfered with Mr. Smith's work performance; and the effect on Mr. Smith's psychological well-being. No single factor is required in order to find that a work environment was hostile or abusive.

### Instruction No. 13

In determining whether the Postal Service failed to take "prompt and appropriate" remedial action to attempt to end the harassment, you may consider (but are not limited to considering) the following: the amount of time between notice of the harassment and any remedial action; the options available to the Postal Service such as employee training sessions and disciplinary action taken against the harassers; and whether or not the measures ended the harassment.

The fact that harassment might reoccur in the workplace after an employer's response does not necessarily mean the employer's response was not reasonably calculated to attempt to end the harassment.

### Instruction No. 14

You have heard evidence that Mr. Smith's employment with the Postal Service was terminated. Mr. Smith's termination is not part of the claim that you are being

asked to consider. There is no issue before you about the termination of Mr. Smith's employment.

### Instruction No. 15

If you find in favor of Mr. Smith under Instruction 9, then you must award Mr. Smith such sum as you find will fairly and justly compensate him for any damages you find that he sustained as a direct result of the hostile work environment. Such damages may include emotional-pain, suffering, inconvenience, mental-anguish, loss-of-enjoyment-of-life, and other non-monetary damages. Such damages do not include monetary damages related to Mr. Smith's pay, benefits, or termination.

Remember, throughout your deliberations, you must not engage in any speculation, guessing, or conjecture, and you must not award damages either to penalize the Postal Service or out of sympathy to Mr. Smith.

### Instruction No. 16

You heard testimony suggesting that Mr. Smith's or his wife's insurance may have paid for some portion of his medical expenses, including mental-health expenses. If you find that Mr. Smith was subjected to a hostile work environment on the basis of his race or color during his employment at the P&DC, and that Mr. Smith was injured as a direct result of that hostile environment, you are instructed that Mr. Smith is entitled to recover the full amount of his medical bills, as well as any other non-monetary damages you find he is entitled to recover pursuant to Instruction 15.

Whether Mr. Smith's damages should be reduced to reflect insurance or other benefits is a question for me to decide after trial if Mr. Smith prevails. You jurors should not concern yourselves with that issue. In particular, you should not make any assumptions about whether or to what extent Mr. Smith was insured, or reduce or increase any award of damages based on such assumptions.

### Instruction No. 17

You are also instructed that Mr. Smith has a duty under the law to "mitigate" his damages—that is, to exercise reasonable diligence under the circumstances to minimize his damages. Therefore, if you find that Mr. Smith failed to seek out or take advantage of suitable treatment that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or

taken advantage of such treatment.  It is the Postal Service's burden to prove that Mr. Smith failed to mitigate his damages.

### Instruction No. 18

If you find in favor of Mr. Smith under Instruction 9, but you find that Mr. Smith's damages have no monetary value, then you must return a verdict for Mr. Smith in the nominal amount of one dollar.

### Instruction No. 19

That concludes my instructions on the parties' claims and defenses.  I will now give you some final instructions about conducting your deliberations and returning your verdict.

*First*, when you go to the jury room, you must select one of your members to serve as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.  In other words, all of you must agree.

Each of you must make your own conscientious decision, but only after you have considered all of the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.  Further, you must only discuss the case when all jurors are present in the jury room.  So if someone leaves the room for whatever reason, you must stop discussing the case until that person returns.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are not partisans for any party in this case.  You are judges—judges of the facts.  Your only job is to seek the truth from the evidence in the case.

*Third*, you must decide this case based solely on the evidence presented in court and the instructions that I give you.  You must not do any research or make any investigation on your own about anyone or anything involved in this case, including the parties, lawyers, and witnesses; the matters in dispute; and the applicable law.  For

example, you must not consult dictionaries or other reference materials, search the Internet, or use any electronic devices to obtain information about this case or to help you decide this case. Again, you must decide this case based solely on the evidence that was presented in court and the instructions that I give you.

*Fourth*, during your deliberations, you must not communicate with anyone about this case, except, of course, your fellow jurors. I know that many of you use cell phones, smart phones, tablets, laptop computers, and other tools of technology. You must not use these devices to communicate electronically with anyone about this case, including your family and friends. That means that you must not call or text or email anyone about this case, and you must not communicate about this case on Facebook or Twitter or any other social media. You must not use any other type of technology or social media to communicate about this case, even if I have not specifically mentioned it. Please let me know immediately if you become aware that any juror has violated this or any other instruction.

*Fifth*, if you need to communicate with me during your deliberations, you may send a note to me through the court-security officer who will be stationed outside of the door to the jury room. The note should be signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

You should know that if you do send me a note, it could take me anywhere from five minutes to an hour or two to respond. I will try to respond as soon as possible, but I may not be able to respond immediately because, for instance, I may be in a hearing or a meeting, or I may need to do legal research or consult with the attorneys before answering your question. I ask you to be patient and to understand that sometimes I may not be able to respond immediately to a note from you.

If you do not reach a verdict by the end of the day, I will send you a note shortly before 4:30 pm dismissing you and telling you when to return. If you would like to stay past 4:30 pm or return before 8:30 am on any particular day, please let me know as soon as possible, so that we can make staffing arrangements.

*Sixth*, I emphasize again that your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. And, again, your verdict must be unanimous—all of you must agree. Nothing I have said or done is intended to suggest what your verdict should be. That is entirely for you to decide.

*Finally*, the verdict form is simply the written notice of the decisions that you reach in this case. You will take the verdict form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court-security officer that you are ready to return to the courtroom.